UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
06-CV-1116(JMR/FLN)


Fatima Mohamed                )
                              )
           v.                 )          ORDER
                              )
Rosemary L. Melville et al.   )


     This is an immigration case.  Defendants seek dismissal for
lack of subject matter jurisdiction.  Their motion is granted.

I.  Background[1]

     Plaintiff is a citizen of Somalia, currently residing in the
United States on Temporary Protected Status.  Defendants Rosemary
Melville and Denise Frazier are District Directors of the United
States Citizenship and Immigration Services ("USCIS"), sued in
their official capacity.  Defendants Emilio Gonzalez, USCIS's
Director; Alberto Gonzales, Attorney General of the United States;
and Michael Chertoff, Secretary of the Department of Homeland
Security ("DHS"), are likewise sued as officers of the United
States.  The complaint also contains allegations against an unnamed
district director of the U.S. Immigration and Customs Enforcement
("ICE") for Atlanta.  Both USCIS and ICE are bureaus within the
DHS.

     Plaintiff's complaint states that she entered the United

---

[1]For purposes of a motion to dismiss, the facts in the
complaint are assumed to be true.  In re Navarre Corp. Sec. Litig.,
299 F.3d 735, 738 (8th Cir. 2002).  The facts recited herein are
taken from the pleadings, and do not constitute binding factual
determinations.

States on January 25, 2000, and applied for asylum on February 3, 2000.  On April 26, 2000, the United States issued a Notice to Appear in Removal Proceeding, charging plaintiff with entering the United States without inspection by an immigration officer. Plaintiff appeared before an Immigration Judge ("IJ") on July 26, 2000, at which time she admitted the charges were true.

On January 22, 2001, the IJ denied plaintiff's asylum application, and ordered her removal and deportation.  The Board of Immigration Appeals ("BIA") affirmed the IJ's decision and issued a Final Order of Removal on April 1, 2003.  The Eleventh Circuit affirmed the Order.  See 97 Fed. Appx. 905 (11th Cir. 2004) (unpublished opinion).

Meanwhile, on September 17, 2002, plaintiff was granted Temporary Protected Status ("TPS") based on her Somali nationality, thereby suspending the Removal Order.  In 2004, she married Abdinur Omar Rage.  Rage filed a Petition for Alien Relative Visa on plaintiff's behalf, which Immigration and Naturalization Services approved on January 20, 2005.  Armed with this approval, plaintiff sought adjustment of status to that of a lawful permanent resident. She was unable to do so, however, because the BIA had already issued a Final Order of Removal.

In accordance with 8 C.F.R. § 1003.2(c), the BIA cannot consider a motion to reopen deportation proceedings filed later than 90 days after the date of the final order, unless both parties

agree to reopen the case.  Plaintiff requested that ICE officials jointly move the BIA to reopen her case.  ICE refused, basing its decision on plaintiff's failure to depart when first ordered removed, and upon her statutory ineligibility to apply for adjustment of status.  On November 29, 2005, plaintiff filed a unilateral motion to reopen, which the BIA denied as untimely.

Plaintiff's current action seeks relief from the United States' refusal to join her motion to reopen proceedings.  She disputes ICE's determination that she is statutorily ineligible for adjustment of status, and seeks both a judgment declaring that the United States violated her statutory rights, and an order directing ICE to join her motion.  Alternatively, she asks the Court to order the United States to accept her application for permanent residence.

Defendants move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  As part of her response to the motion to dismiss, plaintiff has moved for summary judgment.

II.  Legal Standard

Federal district courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A court may only adjudicate a claim when Congress has specifically granted subject matter jurisdiction over that claim.  Id.  The plaintiff, who has the burden of proving jurisdiction, must make a

short, plain statement setting forth the grounds for subject matter jurisdiction in the complaint. Fed. R. Civ. P. 8(a); Daimlerchrysler Corp. v. Cuno, 126 S. Ct. 1854, 1861 n.3 (2006).

Issues of subject matter jurisdiction are particularly acute in a suit against the federal government, because the United States enjoys sovereign immunity from suit unless Congress has specifically consented to be sued. See United States v. Testan, 424 U.S. 392, 399 (1976). In a suit against the United States, a plaintiff must identify a specific statutory provision waiving the government's sovereign immunity. V S Ltd. P'ship v. Dep't of Hous. and Urban Dev., 235 F.3d 1109, 1111 (8th Cir. 2000). The United States' sovereign immunity is a complete bar to suit unless Congress has "unequivocally expressed in statutory text" its consent to be sued. Lane v. Pena, 518 U.S. 187, 192 (1996). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." Id.

III. Analysis

Plaintiff advances the following bases for her claim of subject matter jurisdiction: (1) 8 U.S.C. § 1254a of the Immigration and Nationality Act; (2) the Administrative Procedures Act; (3) federal question jurisdiction under 28 U.S.C. § 1331; (4) the Declaratory Judgment Act; (5) the Equal Access to Justice Act; and (6) the Mandamus Act. The Court finds each asserted basis

4

unavailing; none waives sovereign immunity or establishes subject matter jurisdiction as to plaintiff's claims.

A.   Immigration and Nationality Act

Plaintiff claims subject matter jurisdiction under the Immigration and Nationality Act, specifically 8 U.S.C. § 1254a, the section regulating TPS.  Section 1254a provides, inter alia, that a court has no jurisdiction to review the Attorney General's designation of a foreign state for TPS.  8 U.S.C. § 1254a(b)(5)(A).  Plaintiff argues that, because the statute specifically enumerates areas as being beyond judicial review, unlisted TPS matters fall within the court's jurisdiction.  This is not the case.  The law is clear:  a waiver of sovereign immunity must be express, not implied.  Lane, 518 U.S. at 192.  The TPS statute does not waive sovereign immunity.

B.   Administrative Procedures Act

Plaintiff next offers the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as a basis for jurisdiction.  That Act states that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review."  Id. § 702.  But this seemingly broad access to judicial review is subject to two exceptions -- the statute gives no jurisdiction over agency decisions statutorily protected from judicial review nor from agency action which falls within an agency's statutory discretion.

Id. § 701(a).  An agency action is discretionary when the regulation at issue is "drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion."  Heckler v. Cheney, 470 U.S. 821, 830 (1985).

Here, plaintiff asks the Court to review ICE's decision barring her from reopening its proceedings.  Such a decision falls squarely within its discretion.  The Code of Federal Regulations, at 8 C.F.R. § 1003.2(c)(3)(iii), grants to the BIA the right to reopen proceedings at any time if all parties accede to the request.  Here, ICE declined to join in the motion to reopen.

The proffered Regulation provides no meaningful standard against which the Court may assess ICE's refusal to join the motion.  ICE is not subject to any Regulation or statute which requires it to join a motion to reopen under any defined circumstances.  ICE's denial of plaintiff's request to join her motion was therefore discretionary.  The Court finds that ICE's decision against joining the motion to reopen the proceedings was taken pursuant to its statutory discretion.  As such, the Agency's action falls outside the APA's jurisdictional grant. 5 U.S.C. § 701.  As a result, the APA cannot be considered a waiver of sovereign immunity as to plaintiff's claim.

C.  Federal Question Jurisdiction

Plaintiff advances federal question jurisdiction as an additional basis for jurisdiction.  Under 28 U.S.C. § 1331, a

district court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  But this seemingly blanket-authority remains subject to certain limitations.  In order to invoke § 1331 jurisdiction, a claim must arise under a specific provision of federal law independent of that statute.  <u>Merrill Dow Pharm. v. Thompson</u>, 478 U.S. 804, 808-09 (1986).  In other words, the federal question jurisdictional statute, standing alone, does not create its own independent basis for subject matter jurisdiction. Plaintiff has failed to identify, and the Court is unaware of, any independent statute under which a justiciable federal question arises.  Accordingly, the Court has no jurisdictional grant under 28 U.S.C. § 1331.

    D.  <u>Declaratory Judgment Act</u>

Plaintiff's amended complaint offers the Declaratory Judgment Act, 28 U.S.C. § 2201, coupled with Rule 57 of the Federal Rules of Civil Procedure, as yet another possible basis for jurisdiction. The Declaratory Judgment Act authorizes a federal court to issue declaratory judgment "[i]n a case of actual controversy within its jurisdiction."  <u>Id.</u> § 2201(a).  This means it offers a remedy in cases where jurisdiction already exists; it is not an independent basis for jurisdiction.  <u>Skelly Oil Co. v. Phillips Petroleum Co.</u>, 339 U.S. 667, 671 (1950).  Beyond this, the Act contains no waiver of sovereign immunity.  It is not, therefore, a basis for subject

matter jurisdiction over plaintiff's claim.

E.   Equal Access to Justice Act

The same is true of the Equal Access to Justice Act, 5 U.S.C. § 504, which awards a prevailing party costs and fees incurred in a suit against a government agency.  The Act creates a remedy in actions filed against the United States on other statutory grounds. This statute alone does not confer jurisdiction on the Court in any matter, and certainly not here.

F.   Mandamus Act

Finally, plaintiff cites the Mandamus Act, 28 U.S.C. § 1361, as a basis for jurisdiction.  The "extraordinary remedy of mandamus," Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988), confers jurisdiction on the district courts to order an agent of the United States to perform a duty owed to a complainant.  28 U.S.C. § 1361.  The duty, however, must be ministerial and mandated by law, not a discretionary agency function.  Pittston Coal, 488 U.S. at 121.  As detailed above, plaintiff would like ICE to join her motion to reopen proceedings, a decision which falls squarely within ICE's discretion.  Absent a "clear, nondiscretionary duty" owed to plaintiff, the Court has no authority to issue a writ of mandamus.  Heckler v. Ringer, 466 U.S. 602, 616 (1984). Accordingly, the Mandamus Act does not confer jurisdiction on this Court to hear this matter.

IV.   Conclusion

Based on the Court's lack of subject matter jurisdiction, and for the reasons above, IT IS ORDERED that:

1.  Defendant's motion to dismiss [Docket No. 19] is granted.

2.  Plaintiff's motion for summary judgment [Docket No. 24] is denied.

3.  The matter is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June <u>8</u>, 2007

<u>s/ James M. Rosenbaum</u>
JAMES M. ROSENBAUM
United States Chief District Judge